# EXHIBIT A

Diane Barker
109 Geronimo Drive
Hailey, Idaho 83333
(208)720-3438
Plaintiff, Pro Se

ISSUED
DATE    3-3-09

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
## STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

|  |  |  |
|---|---|---|
| Diane Barker, | Plaintiff | ) Case No. CV09-167 |
|  |  | ) |
| vs. |  | ) SUMMONS |
|  |  | ) |
| GMAC Bank, | Defendant | ) |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF: THE COURT MAY
ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND
WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO: <u>GMAC Bank</u>

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed
with the above designated court within 20 days after service of this Summons on you. If you fail to so
respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation
by an attorney in this matter, you should do so promptly so that your written response, if any, may be
filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil
Procedure and shall also include:

1. The title and number of this case.
2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate
allegations of the Complaint and other defenses you may claim.
3. Your signature, mailing address and telephone number, or the signature, mailing address and
telephone number of your attorney.
4. Proof of mailing or delivery of a copy of your response to plaintiff, as designated above.
To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named
court.

DATED this 3 day of March, 20 09.

CLERK OF THE DISTRICT COURT

By _____
(Deputy Clerk

(Adopted February 2, 1993, effective July 1, 1993; amended February 26, 1997, effective July 1, 1997.)

Diane Barker
109 Geronimo Drive
Hailey, Idaho 83333
Phone: (208)720-3438
Plaintiff, Pro Se



IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| Diane K. Barker | ) | Case No. CV09-167 |
|---|---|---|
| | ) | |
| Plaintiff,) | | **COMPLAINT and DEMAND** |
| | ) | **FOR JURY TRIAL** |
| | ) | |
| -vs- | ) | Fee Category: A |
| | ) | Fee: 88-00 |
| GMAC Bank, and DOES I | ) | |
| through X | ) | |
| | ) | |
| Defendant.) | | |

COMES NOW Plaintiff, Diane K. Barker, for a cause of action against Defendants, complains and alleges as follows:

## GENERAL ALLEGATIONS

1) Plaintiff is an individual residing in Blaine County, Idaho.

2) Defendant GMAC Bank, is, and at all times herein mentioned, was a Corporation organized and existing under the laws of the State of Utah with principle offices located at 6985 Union Park Center, Suite 435, Midvale, Utah 84047.

3) Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through X inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

COMPLAINT and DEMAND FOR JURY TRIAL Page | 1

4) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and or the employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

5) On or about February 4, 2005, Plaintiff entered into a Real Estate Purchase and Sale Agreement for the purchase of a home located at 109 Geronimo Drive in the County of Blaine, in the State of Idaho.

6) On or about February 8, 2005, Plaintiff completed a Uniform Residential Loan Application hereinafter referred to as "Original Loan Application".

7) On or about February 9, 2009, Defendants marked the Original Loan Application as "RECEIVED 2/9/05".

8) On or about February 15, 2005, Defendants issued a Mortgage Loan Commitment through their agent, Mortgage Associates, in the amount of $796,000.00.

9) On or about February 24, 2005, Defendants issued an Approval Letter, stating that based on the information provided, Plaintiff was approved for the loan amount requested.

10) On or about March 9, 2005, Defendants submitted Loan Documents to escrow closing company, Blaine County Title, located in Ketchum, Idaho, and Plaintiff signed said loan documents and other real estate transaction documents to finalize the transaction on the purchase of the home.

11) On or about February 15, 2009, Plaintiff submitted a letter to Defendant, GMAC Bank, requesting the removal of former husband and alleged Co-Borrower, Richard Barker, from the loan, since a divorce had occurred in late 2007.   Plaintiff also requested a certified copy of the original note, a certified copy of the original loan application, all correspondence between Defendant and Plaintiff's loan broker, and, the name and address and telephone number of the current owner/owners of the promissory note.

12) On or about February 20, 2009, Defendant mailed to Plaintiff, a package that included copies of loan closing documents, and which included the Original Uniform Loan Application referenced above.  Said package also included a second Uniform Residential Loan Application, hereinafter referred to as "Falsified Loan Application".

COMPLAINT and DEMAND FOR JURY TRIAL Page | 2

13) On or about February 24, 2009, Plaintiff received said package of loan documents from Plaintiff via U.S. Mail, and for the first time became aware that there were two loan applications, the Original Loan Application, and the Falsified Loan Application.

14) It is now evident that Defendant falsely and fraudulently presented to Plaintiff on or about March 9, 2005, the Falsified Loan Application and induced Plaintiff to sign said document through trickery, deceit, wrongful purposes and motives by and through presenting and representing the Falsified Loan Application as the Original Loan Application.

15) The Falsified Loan Application, which the Defendant created, caused to be created, conspired to create, or was complicit in the creation of, was in fact false. More specifically, the section of the Falsified Loan Application called "V. Monthly Income and Combined Housing expense Information" reflected Base Employee Income for the Borrower, Diane Barker, Plaintiff as $14,946.00 per month and Base Employee Income for the Co-Borrower, and former husband, Richard Barker, as $8,009.00. The true facts were that the Original Loan Application, submitted by Plaintiff, and approved by Defendant, reflected the Borrower's Base Employee Income of $1,617.00 per month and $12,000.00 of Other Income per month, and Base Employee Income for Co-Borrower as $0.00, and Other income of $4,992.00 per month. Other income was primarily investment income.

16) The Defendant, in creating, causing to be created, conspiring to create, or being complicit in the creation of said Falsified Loan Application, also fraudulently increased the Plaintiff's total income from $18,611.00 to $22,955.00 and recast the Plaintiff's income from "Other Income" to "Base Employee Income".

17) The Defendant, in creating, causing to be created, conspiring to create, or being complicit in the creation of said Falsified Loan Application, did so in order to induce the Plaintiff into purchasing a house, and entering into a loan transaction with Defendant, at an amount which the Defendant would not normally have approved based on Plaintiff's income amount or source of income, and did this in order to profit from the transaction.

18) The Defendant, in creating, causing to be created, conspiring to create, or being complicit in the creation of said Falsified Loan Application, did so in order to make the loan transaction desirable to future purchasers of the note, securitization of the note, or further transfer or assignment of the note to unknown third parties, for the profit of Defendant.

COMPLAINT and DEMAND FOR JURY TRIAL Page | 3

19) Plaintiff, at the time of the escrow closing, was ignorant of the falsity of the Falsified Loan Application, and believed the loan application was in fact the one and only loan application ever created by the Plaintiff, to wit the Original Loan Application, and was ignorant of Defendant's secret intention to induce the Plaintiff to sign the Falsified Loan Application, and through which signing, Defendant intended to illegally validate the Falsified Loan Application so that Defendant might profit from it.  Had Plaintiff known she was not in fact signing the Original Loan Application, Plaintiff would not have signed the Falsified Loan Application.

20) Among other things Defendant engaged in Predatory Lending, breach of fiduciary duty, fraud, violations of state and federal laws in order to induce the Plaintiff to complete a real estate purchase transaction and a residential loan with the Defendant as lender.  Defendant knew at all times that the Plaintiff borrower could not afford said residential loan.  Defendant did this so that Defendant could sell, securitize, or transfer the loan, at a substantial profit, to some unknown third party, and Defendant utilized the Falsified Loan Application to accomplish said sale, securitization or transfer.  Defendant acted with malice and had no intention of acting or behaving as a lender as defined by state and federal laws.

## FIRST CAUSE OF ACTION - FRAUD

When Defendant created, caused to be created, conspired to create, or was complicit in the creation of said Falsified Loan Application, Defendant knew it to be false, and intended to defraud and deceive Plaintiff by inducing Plaintiff to act in the manner herein alleged.

## SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

Plaintiff was led to believe that Plaintiff was a customer or client of Defendant, GMAC Bank, and as such trusted the Defendant to act with honesty and truth in all dealings, and relied on said trust and honesty and relied on Defendant's fiduciary duty to Plaintiff to provide only true and correct documents at the closing, and at all other times, and to protect Plaintiff from entering into any illegal or fraudulent transactions.  Defendant breached that fiduciary duty.

## THIRD CAUSE OF ACTION – VIOLATION OF THE IDAHO RESIDENTIAL MORTGAGE PRACTICES ACT

COMPLAINT and DEMAND FOR JURY TRIAL Page | 4

Defendant violated Idaho Code Title 26 Chapter 31. Including, but not limited to section 26-3114 which states in part:

*26-3114. PROHIBITED PRACTICES OF MORTGAGE BROKERS AND MORTGAGE LENDERS. No mortgage broker or mortgage lender licensee or person required under this chapter to have such license shall:*

*(5) Engage in any misrepresentation in connection with a residential mortgage loan;*

*(8) Misrepresent, circumvent or conceal, through whatever subterfuge or device, any of the material particulars or the nature thereof, regarding a residential mortgage loan transaction;*

## FOURTH CAUSE OF ACTION – VIOLATION OF IDAHO CONSUMER PROTECTION ACT

Defendant willfully violated the Idaho Consumer Protection Act and rules enacted under it, which prohibit unfair or deceptive acts or practices in the conduct of trade or commerce within the state of Idaho.

## FIFTH CAUSE OF ACTION – FURTHER VIOLATION OF THE IDAHO RESIDENTIAL MORTGAGE PRACTICES ACT

Defendant, according to the Idaho Department of Finance, Mortgage Licenses list, does not, and did not have a license to conduct mortgage or banking related activities in the State of Idaho during the time of the fraud and deceit that it perpetrated on the Plaintiff.   Idaho Code states:

*26-3104.UNLAWFUL ACTS. (1) Any person, except a person exempt under section 26-3103, Idaho Code, who engages in mortgage brokering or mortgage lending activities without first obtaining a mortgage broker or mortgage lender license in accordance with this chapter, shall be guilty of a felony.*

*(3) No person, except a person exempt under section 26-3103, Idaho Code, shall engage in mortgage brokering activities, mortgage lending activities, or loan origination activities without first obtaining a license from the department in accordance with this chapter.*

COMPLAINT and DEMAND FOR JURY TRIAL Page | 5

## SIXTH CAUSE OF ACTION – VIOLATION OF THE FEDERAL TRUTH IN LENDING ACT (TILA)

Defendant violated the federal Truth in Lending Act, which is contained in title I of the Consumer Credit Protection Act, as amended (15 U.S.C. 1601 *et seq.*). The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.

## SEVENTH CAUSE OF ACTION – VIOLATION OF THE FEDERAL REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

Defendant violated the Real Estate Settlement Procedures Act of 1974, which is contained in the Consumer Credit Protection Act (*12 U.S.C. 2601*). It is the purpose of this Act to effect ethical and lawful conduct in the settlement process for residential real estate.

## EIGHTH CAUSE OF ACTION – VIOLATION OF THE COMMON LAW DOCTRINE OF UNCONSCIONABILITY

Defendant violated Idaho Code Title 28, Commercial Transactions. The creation of a Falsified Loan Application and the trickery and deceit that the Defendant engaged in to induce the Plaintiff to sign the Falsified Loan Application were in violation of said code and reflected outrageous and unconscionable behavior.

## NINTH CAUSE OF ACTION – VIOLATION OF THE FEDERAL RACKETEER INFLUENENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S.C. 1961

Defendant engaged in a scheme to defraud and deprive the Plaintiff of money and other property by means of false or fraudulent pretenses, representations or promises through the use of U.S. Postal Services and interstate wires.

## PRAYER FOR RELIEF

Plaintiff prays for judgment and relief against Defendant and each of them, as follows:

1) As a result of Defendant's fraud, deceit, misrepresentations, unethical behavior, breach of fiduciary duty and illegalities, Plaintiff has be induced and tricked into entering into an illegal residential loan. Illegal transactions are void ab initio. Wherefore Plaintiff asks the Court to void the loan between the Defendant and the Plaintiff, and

2) Also as a result of Defendant's fraud, deceit, misrepresentations, unethical behavior, breach of fiduciary duty and illegalities, Plaintiff has be induced and tricked into purchasing real property on which plaintiff made a down payment of $199,311.08 and Plaintiff further invested an amount more than $50,000.00 in improvements, therefore Plaintiff seeks monetary damages of more than $249,311.08, and additionally

3) Plaintiff seeks a refund of 48 interest payments of $3,565.42 per month paid to Defendant as a result of this illegal and fraudulent loan transaction in the total amount of $171,140.16, and additionally,

4) Plaintiff seeks treble damages of those listed above, and additionally,

5) In doing the acts herein alleged, Defendant acted with oppression, fraud, and malice, and therefore, Plaintiff is entitled to punitive damages in the sum of $3,000,000.00, and

6) For costs of suit incurred herein, and

7) For other and further relief as the court may deem proper.

DATED this 3 day of March, 2009.

Diane Barker, Plaintiff, Pro Se

COMPLAINT and DEMAND FOR JURY TRIAL Page | 7