IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DIANE BARKER,<br><br>              Plaintiff,<br><br>vs.<br><br>GMAC Bank, a Utah corporation, and DOES I - X,<br><br>              Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 1:09 CV 133 |

      Plaintiff Diane Barker, who is proceeding in this matter <u>pro se</u>, initially filed this suit related to the loan on her home in Idaho state court.  Defendant GMAC Bank removed the case to federal court pursuant to 28 U.S.C. § 1441(a).  In the Notice of Removal, GMAC Bank represented that the court had jurisdiction under 28 U.S.C. § 1331 because Ms. Barker alleged causes of action in her Complaint based on several federal statutes.

      Before any other pleadings were filed in this case, Ms. Barker asked the court for leave to file an Amended Complaint that would omit all previously pled federal causes of actions.  Ms Barker also moved to have the case remanded to Idaho state court.

      "After a case is properly removed to federal court, the plaintiff can attempt to frustrate federal court jurisdiction by dismissing the part of the suit that permitted federal jurisdiction to be invoked."  Erwin Chemerinsky, <u>Federal Jurisdiction</u> 349 (2003).  In a case like this where the

defendant has not yet filed a responsive pleading,[1] Ms. Barker does not need the court's permission to file an amended complaint that accomplishes this goal.  Fed. R. Civ. P. 15(a)(2).

With all of the federal claims dismissed,[2] the only decision for the court to make is whether to exercise its supplemental jurisdiction over any remaining state law claims or to grant Ms. Barker's motion to remand the case to Idaho state court.

A district court "has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate" considering the "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991); see 28 U.S.C. § 1367(c) (outlining the circumstances under which a direct court may decline to exercise supplemental jurisdiction); see, e.g., Wong v. Allison, No 98-16532, 2000 WL 206572 (9th Cir. Feb. 23, 2000) (indicating that "[b]ecause the federal claims have been disposed of at a preliminary stage of the litigation, the district court well may wish to decline to exercise supplemental jurisdiction over state law claims").

The court notes that this case is only in the preliminary stages of litigation.  Ms. Barker filed this suit in March 2009, and very little has occurred since GMAC Bank removed it that

---

[1] The only motion that GMAC Bank has filed in this suit is a motion to dismiss, which is not a responsive pleading for purposes of Rule 15.  Rick-Mik Enters., Inc. v. Equilon Enters., LLC, 532 F.3d 963, 977 (9th Cir. 2008).  Moreover, GMAC Bank filed this motion on April 6, 2009, three days after Ms. Barker submitted her motion to amend.

[2] The court ordered the parties to submit supplemental briefing on whether diversity jurisdiction existed and the effect that it would have on Ms. Barker's motion.  In its brief, GMAC Bank explained that it "does not make any representations as to whether diversity jurisdiction does or does not exist in this case.  Instead, GMAC Bank has elected not to make the argument that the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332." (Def.'s Br. Div. Juris., 1, Docket No. 23.)

same month. The Idaho state court, which does not appear to be any less convenient to the parties, is well equipped to handle Ms. Barker's remaining state law claims. Moreover, this court has expended few resources in the adjudication of this case to date. Accordingly, the court declines to exercise its supplemental jurisdiction and order that this case be remanded to the Idaho state court.

## ORDER

Ms. Barker's Motion for Leave to Amend her Complaint is GRANTED. (Docket No. 5.) Ms. Barker's Motion to Remand the Case is GRANTED. (Id.) The clerk shall mail a certified copy of this order to the clerk of the Idaho state court.

DATED this 17th day of May 2009.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge, District of Utah